REUBEN C. CLARK v. STEPHEN WILES AND THOMAS WILES.

*Res judicata—Reserved points—Special damages—Trespass by throwing dirt on adjoining land.*

1. A decree in equity sustaining the validity of drain proceedings is conclusive upon that point in an action at law involving the same question.

2. Objections to the validity of proceedings involved in a suit cannot be raised in a later case if purposely withheld or reserved in the first one.

3. Where special damages are claimed and the case is submitted under such instructions as would require the jury to return a verdict therefor if there were any, a verdict for defendant determines that none were suffered.

4. Persons whose duty it is to run a drain must keep within the limits of the land taken for the purpose; if they throw out dirt upon adjacent land, it is a trespass.

5. Costs were denied on granting a new trial where it appeared that much of the litigation had been unnecessary and needlessly expensive, and it was doubtful if substantial injury had been done.

Error to Genesee. (Newton, J.)  June 18.—June 25.

TRESPASS.  Plaintiff brings error.  Reversed.

*W. A. Clark* and *Wm. H. Sweet* for appellant.

*Long & Gold* for appellees.

COOLEY, C. J.   This suit was begun in justice's court, and removed to the circuit court on plea of title.   The action was trespass to lands, and the question chiefly contested was the validity of certain proceedings in laying out a certain drain through the plaintiff's lands.   But the same proceedings were in issue in the case of *Clark v. Teller* 50 Mich. 618, which was a suit in equity to test them.   The proceedings were sustained in that suit, and the decision must be accepted as final.   It was the business of complainant to bring forward all his objections then ; if he reserved any for another suit they cannot now be heard.

There is, however, a further question presented by this record.   The plaintiff claims that in various ways the defendants, who were the parties who cut the drain, caused him special damages; and the judge submitted the case to the jury under instructions which would have required them to return a verdict for the plaintiff for any such special damages, if they found there were any.   The jury having returned a verdict for the defendants, must be understood to have determined that no such damages were suffered.

But the plaintiff claimed further that the defendants in cutting the ditch threw the earth over the limits of the land

appropriated for the purpose upon the plaintiff's land; and one of the questions made on the trial was whether, if the fact was so, the plaintiff was not entitled to recover in any event at least nominal damages. The trial judge thought not, unless it was done in an improper, reckless or negligent manner; and he so instructed the jury. In this he erred. It was the duty of the defendants to keep within the limits of the land which had been given, purchased or condemned for the purposes of the drain; and the throwing of earth upon the plaintiff's land outside those limits was a trespass. For this error the judgment must be reversed, and a new trial ordered.

But as an inspection of this record in connection with the verdict leads us to the conclusion that much of this litigation has been unnecessary and needlessly expensive, and that it is doubtful if any substantial damages have been sustained, we think it proper, in awarding a new trial, to give to neither party costs of this Court. The costs in the court below will of course abide the result.

The other Justices concurred.