# George Davies v. The City of East Saginaw.

*Municipal corporations—Grade defined—Construction of grading contract.*

1. The ordinary meaning of the word "grade" is the amount of difference between the "grade line" and a level or horizontal line, and to grade a street is to bring the surface of the street to the grade line, and includes the necessary excavation and filling to accomplish this result.

2. Under the contract in this case (see opinion), the work of removing bridges, platforms, cross-walks, sidewalks, and hitching-posts is all included, by a fair construction of the whole contract, under the specification of "grading."

3. A grading contract required the street to be graded to its *full* width, and in doing this the contractor filled in so that the slope of the embankment extended outside of the street lines, and upon private property.

   *Held*, that he could not recover for such outside filling, neither he nor the city having any right to deposit earth outside of the lines of the street, without the consent of the owner of the adjoining land, for the purpose of supporting the embankment.

4. A grading contract specified the price of excavation and removal of the earth a distance of 500 feet, and for every additional foot the contractor was to receive the same price, *pro rata*.

   *Held*, that the language was not ambiguous, and that it was error to instruct the jury that a recovery under such *pro rata* clause was limited to what such removal was reasonably worth.

5. A grading contract provided that the stone curb should be laid for a specified price per foot, the stones to be 18 inches in depth, and to be set in a bed of bank sand and gravel, and to extend 14 inches above the gutter. In order to properly set them, it was necessary to excavate a trench to the required depth, after the surface was brought to the proper grade; and for this excavation the contractor was allowed to recover as excavation under the contract.

   *Held*, that the work was included in the bid for furnishing and laying the stone curb as specified.

Error to Saginaw. (Gage, J.) Argued February 2, 1887. Decided May 5, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*John A. Edget*, for appellant.

*Holden & Harris*, for plaintiff.

CHAMPLIN, J.   The contention in this case arises out of a contract entered into between plaintiff and defendant for grading and paving a portion of a street.   The contract, by express reference and terms, makes the specifications, the notice to paving contractors, and proposals made by plaintiff, a part of the contract.   These specifications bear upon their face evidence of having been drawn by a person unfamiliar with the terms he employed; or, if not unfamiliar, then he was guilty of a gross misuse of the English language to express the undertakings required of a contractor.

The specifications, after a general description of the work to be done, which in this case was the paving of Franklin street from the south line of Tuscola street to the south line of Potter street, proceed to specify what shall be done by way of *"clearing."*   The contractor is to remove all roots, brush-wood, and rubbish of every description from the street, and this work, it is stated, "will be considered as included in the price paid for grading."   It also specifies under this head, that—

"From such portions of the street on which planks are laid, such plank, and the stringers supporting them, shall be removed by the contractor, and by him piled compactly on the side of the street where directed by the street commissioner.   Payment will be made for this work by the cubic yard, at the price to be paid for excavation and filling."

Had there been anything in the street for this clause to act upon, there might be some difficulty in ascertaining the price to be paid for such work, inasmuch as the contract shows the excavation is to be paid for at one price, and the filling at another.   But the evidence shows that there was no plank

laid upon this street, and therefore this clause was inopera-
tive.   Plaintiff claimed that he had a right, under this clause,
to be paid for removing sidewalks by the cubic yard, and the
circuit judge held that he could recover therefor as excava-
tion.   This was error.   The work of removing bridges, plat-
forms, cross-walks, sidewalks, and hitching-posts is all
included, by a fair construction of the whole contract, under
the specification of "grading."  And this brings us to consider
what is meant by that term in this contract.

The notice to contractors inviting bids for doing the
work contains this clause:   "Said paving includes the neces-
sary grading, excavating, and filling," etc.; and it also states
the approximate quantities as follows:   "158 lineal rods of
grading, 1,000 cubic yards of excavation, 3,000 cubic yards
of filling," etc.   The specifications which are referred to in
the notice also contain the same "approximate quantities,"
and require the bidder to state—

"At what price per lineal rod he will do the grading as
specified; at what price per cubic yard he will do the excava-
ting and removing the old plank as specified; at what price
per cubic yard he will do the excavation and removal of
earth a distance of 500 feet, also over, *pro rata*; at what price
per cubic yard he will do the filling as specified," etc.

The bid of the plaintiff stated that he would do the grad-
ing as specified for $1.25 per lineal rod; that he would do the
excavating and removal of the earth, as specified, a distance
of 500 feet, for 26 cents per cubic yard, and also for every
foot over 500 feet for *pro rata* per cubic yard; that he would
do the filling as specified for 25 cents per cubic yard.   It will
thus be seen that he agrees to do the grading of the street
for $1.25 per lineal rod.

The ordinary meaning of the term " grade " is the amount
of difference between the "grade line " and a level or hori-
zontal line, and to grade a street is to bring the surface of
the street to the grade line.   The term includes excavation
and filling so as to make the surface conform to the grade

line; and, if we apply the ordinary use of the term to the contract before us, the contractor agreed to do the grading for $1.25 per lineal rod. But, after agreeing to do the grading for this price, the contract immediately provides that he will do the excavating for 26 cents, and the filling for 25 cents, per cubic yard. When the excavation and filling are done according to the specifications, the work of grading is done. The contract apparently provides for the same thing to be done at two different prices. This cannot be what the parties intended. Looking at the whole instrument, and construing one clause with reference to another, so as to make the whole operative, and to arrive at the intention of the parties, we think that the grading which was to be done by the lineal rod was intended to embrace all work of a preliminary character which the condition of the street required to be done in order to prepare the street for excavating and filling; such as removal of obstructions, hitching-posts, sidewalks, cross-walks, culverts, and bridges.

The contract required the street to be graded to its full width of 66 feet. In doing this, where filling was required, he filled in so that the slope of the embankment extended outside of the street lines, and upon private property. He was allowed to recover for such filling outside of the street lines. This was erroneous. It was not embraced in the contract; and we held in *Clark v. Wiles,* 54 Mich. 323, that a drain contractor who cast earth, outside of the limits of the right of way for the drain, upon adjoining land, was liable to the owner of such land in trespass. Neither the contractor nor defendant had any right to deposit earth outside of the lines of the street, without the consent of the owner, for the purpose of supporting the embankment.

The contract specified the price of excavation and removal of earth a distance of 500 feet, and for every foot over 500 the contractor was to receive the same price, *pro rata.* The circuit judge ruled that plaintiff could not recover such *pro*

*rata* price for the earth moved over 500 feet, but that he could recover what such removal was reasonably worth. In this we think he was in error. There is no ambiguity in the language. It is agreed that the contractor shall receive the same rate for every foot the earth is hauled over 500 feet that he received for hauling the 500 feet. It may have been a foolish bargain for the city to make, but is just such a bargain as is advertised for, and doubtless the bid made was based upon the price to be received for the quantity to be hauled over 500 feet.

The contractor agreed to furnish and lay the stone curb as specified for 35 cents per lineal foot. The specifications required the curb-stones to be 18 inches in depth, and to be set in a bed of bank sand and gravel. They were to extend 14 inches above the gutter. In order to properly set the curb-stones, it was necessary to excavate a trench to the required depth, after the surface was brought to the proper grade; and for this excavation the contractor was allowed to recover as excavation under the contract. This was also error. This work was included in the bid for furnishing and laying the stone curb as specified.

These are all the errors we discover in the record.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.