BOLT *v.* NELSON.

1. CONTRACTS—CONSTRUCTION—ROAD CONSTRUCTION—EXTRAS.
   In action on subcontract for road construction work, allowance of certain items of excavation *held,* erroneous.

2. SAME—FAILURE TO BUILD BRIDGE.
   That contractor failed to build bridge in time for it to be used by subcontractor would not render former liable to latter for increased cost of work under subcontract, where said bridge was not mentioned in subcontract, and main contract did not provide for building it at any specified time.

3. SAME—ALLOWANCE OF INTEREST.

Where nothing was due and payable to subcontractor at time of suit, but he was to be paid at time contractor received payment from State, it was error to allow interest on balance due.

4. SAME—SET-OFF AND RECOUPMENT.

Contractor's claim of recoupment for cost of doing trenching for pavement, which he claimed should have been done by subcontractor, *held*, properly disallowed.

CLARK, C. J., and POTTER, J., dissenting in part.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 29, 1931. (Docket No. 144, Calendar No. 35,870.) Decided April 4, 1932. Rehearing denied June 6, 1932.

Assumpsit by Louis J. Bolt and another, doing business as L. J. Bolt & Son, against Hjalmar C. Nelson on a road construction subcontract. Judgment for plaintiffs. Defendant appeals. Reduced and affirmed.

*Cross, Foote & Sessions* and *Francis G. Barlow,* for plaintiffs.

*Alexis J. Rogoski,* for defendant.

McDONALD, J. This is an appeal to review a judgment entered in the circuit court of Muskegon county in favor of the plaintiffs in the sum of $21,769.21.

The defendant had a contract with the State highway commissioner for the construction of a portion of the Holton road, so called. He sublet a part of the work to the plaintiffs by contract in writing. This controversy arises in part over the construction of certain provisions of the contract, and in part over charges made by the plaintiffs for extra work occasioned, they claim, by the failure of the defendant to construct a bridge over Cedar creek

in time to enable them to complete their fills according to contract. The claims of the parties in respect to these matters will be more fully stated as we come to discuss the disputed charges.

Item 12 of the plaintiffs' bill of particulars is disputed. It makes the following charges:

"12 — Trenching for pavement. . . .6,091.9 cu. yds.
Removing earth from pavement ..................5,537.4 ''     ''
Trenching for stone and clay shoulders ..............7,230.8 ''     ''

"Total ............18,860.1 cu. yds.
"@ 38½¢ per cu. yd.......$7,263.13"

Whether this item contains proper charges depends upon the construction of the following provisions of the contract:

"In respect to item 1, aforesaid, the subcontractors agree that said item shall include trenching for concrete slab; clearing off pavement; shouldering and ditching; removing all grubs, stumps and stones not included in foregoing item number 6; trimming job for acceptance; and placing and removing detour road on section A and removing all dirt, except that which is taken care of by other items and units."

Item 1, to which this provision refers, is for the work of earth excavation for which plaintiffs were to be paid 38½¢ per cubic yard. The defendant contends that the quoted provision of the contract was intended to show the understanding of the parties as to what work was to be included in excavation; that trenching for concrete slabs, etc., was considered to be a part of the excavation, and payment therefor was to be included in the price paid to the plaintiffs for the excavation and was not to be

charged for separately. If this is a correct construction of the contract, the plaintiffs are not entitled to payment of the amount charged in item 12. But the plaintiffs contend for a different construction. They say that the quoted provision merely classifies the work of trenching for concrete slabs, etc., as excavation for the purpose of fixing the price at which it should be done, and that, therefore, the charges in item 12, which were based on the contract price for excavation, were proper and were rightly allowed by the trial court.

"In respect to item number 1, aforesaid, the subcontractors agree that said item shall include trenching for concrete slabs, etc."

As item number 1 was for excavation, the language to be construed has the same meaning as though it read:

"In respect to excavation the subcontractors agree that excavation shall include trenching for concrete slabs, etc."

To give the language the meaning contended for by the plaintiffs, it would be necessary to have it read as follows:

"In respect to excavation, the subcontractors agree that the contract price for trenching for concrete slabs, etc., shall be the same as that for excavation."

We cannot believe it was the intention of the parties to take such a roundabout way of fixing the price of trenching for slabs, etc. In the subcontract, all of the work which the plaintiffs were to perform except the work in question is specified in 13 items at fixed prices. If it were intended that this work should be paid for, the usual and natural thing to

do would be to put it in the schedule of prices. It cannot be found there or elsewhere in the contract unless by inference, as plaintiffs claim, it was intended to be paid for as excavation at 38½¢ per cubic yard. Such an inference is unreasonable, because the work is of a kind that is not susceptible to measurement as excavation. The items themselves make this clear. For instance, one of the items is "placing and removing detour road on section A." It would be impossible to compute by the cubic yard the cost of "placing and removing detour road." Another item, the cost of which cannot be computed by the cubic yard as for excavation is "removing all grubs, stumps, and stones not included in foregoing item number 6." Item number 6 is scheduled as "clearing and grubbing" and the price was fixed at $75 per acre in the schedule of prices. In fixing the price according to acreage, the parties recognized the fact that it could not be computed by the cubic yard. Notwithstanding this, the plaintiffs are claiming that the reason for putting some of the work for "cleaning and grubbing" in item number 1 was for the purpose of fixing the price at 38½¢ a cubic yard, the same as excavation. In other words, according to their contention, the same work they were to get $75 an acre for in item number 6 they were to get 38½¢ a cubic yard for under item number 1. The parties could not have so intended. It is more reasonable to suppose that when they agreed on item number 6, they had in mind that there might be some stumps and grubs in the way of the excavation which could not be charged for by the acre, and these they regarded as incidents of excavation, compensation for which should be included in the contract price paid for excavation. They were in fact incident to the excavation and a necessary part of that work. *Davies* v. *East Saginaw,* 66 Mich. 37.

This class of work seems to be so considered in contracts made by the highway commissioner for the construction of roads. In defendant's contract with the State, such work was considered incident to excavation, and he was allowed no compensation for it except as it was included in the contract price for excavation. It is not reasonable to believe that in subletting to the plaintiffs he would agree to pay them $7,263.13 for work which he was under contract to do without compensation. In the specifications for this work, after describing how "clearing" is to be done by the contractor, it is said, division 2, section 4:

"Basis of payment—If the contract contains a separate estimate and unit price for 'clearing,' the contract unit price per acre shall be payment in full for all work specified in this section. Otherwise, the contract price for earth excavation shall be considered as including payment for the item of clearing."

A like provision is made as a basis for payment of grubbing, trimming for acceptance, etc. The plaintiffs made their subcontract to do the work in accordance with these specifications. They knew there were some parts of the work which the highway commissioner considered as incident to excavation and for which contractors received no compensation. They undoubtedly took this into consideration when they made their bid.

For the reasons stated, we think defendant's construction of the contract is correct. Interpreted in the light of attending circumstances, no other conclusion is reasonably possible. It follows that the trial court erred in charging the defendant with the amount claimed in item 12 of the bill of particulars.

Items 20, 21, and 22 of the plaintiffs' bill of particulars are also in dispute. In these items the plaintiffs claim the right to recover damages because of the failure of the defendant to build a bridge over Cedar creek prior to the time when it became necessary for them to complete the fills and approaches. It is not claimed that it was impossible for the plaintiffs to perform this work until the bridge was built, but their claim is that it cost more. Item 20 is a charge representing the difference in cost of moving the earth by trucks instead of by industrial railroad, a means which they would have been able to employ if the bridge had been available to them. Item 21 is a charge for the cost of building a temporary bridge across the creek so as to move the earth into a fill on the other side. Item 22 is a charge for the cost of moving machinery and equipment across the creek over the temporary bridge.

As these items all relate to one cause of damage they may be considered together. There was no agreement or understanding whatever between the parties as to the building of a bridge by the defendant over Cedar creek. The main contract with the State required the defendant to build it, and the evidence shows that he did so according to contract. As to the plaintiffs, the defendant was under no obligation to build the bridge at any particular time or at all. The main contract did not provide for building it at any specified time, and as nothing was said about building it when the subcontract was made, there could have been no reason for the plaintiffs to expect that it would be built at any particular time. They made their contract regardless of the bridge. If the defendant had agreed to build the bridge at a specified time, and, because of his failure to do so the plaintiffs were damaged, there would have been no doubt as to their right to recover. But

that is not the case. In view of the undisputed facts, and in the absence of any agreement or understanding between the parties as to the building of the bridge, there can be no legal basis for a recovery of the damages claimed by the plaintiffs. Therefore items 20, 21, and 22 of plaintiffs' bill of particulars should have been disallowed by the trial court.

The judgment entered in favor of the plaintiffs allowed them interest on the unpaid balance to which the court found they were entitled. Interest should not have been allowed, because there was nothing due and payable at the time of suit. Under their contract payments were to be made to the plaintiffs coincident with the receipt of payments by the defendant from the State. Payments were made to him on estimates of the engineer in charge of the work. He had not received payment on the final estimate at the time of suit. Until he received that payment he was not obliged to pay the plaintiffs. It was error to allow interest.

In his pleadings, the defendant gave notice of recoupment, and claims that he was entitled to have allowed to him the cost of doing the trenching for pavement, work which should have been done by the plaintiffs. As to this claim the testimony is in conflict. We are inclined to follow the findings of the trial judge, who had a superior advantage in determining the credibility of the witnesses. The claim was properly disallowed.

The defendant's claim under recoupment for liquidated damages requires no discussion. It was rightly disallowed.

The sum total of plaintiffs' charges which according to this opinion should not have been allowed by the trial court is $12,508.72. Deducting this from the amount of the judgment leaves a balance of $9,260.49 due to the plaintiffs. The cause will be re-

manded to the circuit court for the entry of judgment in favor of the plaintiffs in the sum of $9,260.49. The defendant will have costs.

Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred with McDonald, J.

Clark, C. J. (*dissenting in part*). I am in accord with opinion of Mr. Justice McDonald, except that item No. 12, in the sum of $7,263.13, should not be disallowed.

The subcontract between the defendant, principal contractor, and the plaintiffs, subcontractors, provides that plaintiffs do the following work, quoting in part from schedule:

"No. 1—Excavation—Earth."

And the contract also provides the consideration, quoting in part:

"For the work under item No. 1 of the foregoing schedule,       .385c per cubic yard."

And it further provides:

"In respect to item No. 1, aforesaid, the subcontractors agree that said item shall include trenching for concrete slab; clearing off pavement; shouldering and ditching; removing all grubs; stumps and stones not included in foregoing item No. 6; trimming job for acceptance, and placing and removing detour road on section A, and removing all dirt, except that which is taken care of by other items and units."

In respect of work under item No. 1 of the schedule, item No. 12 of the bill of particulars, the trial judge held correctly:

"It is claimed by the defendant in this case that the several items of work covered by item number 12,

including trenching for pavement, removing earth from pavement and trenching for stone and clay shoulders, were extras and should be so considered, and that, therefore, they were required to be done under the contract and included in the contract price. As far as I have been able to determine, I cannot find that any of these items included in number 12 can in any way be included as extras in plaintiffs' contract, and are, in my opinion, separate items of work which both parties must have understood at the time of signing the contract as required to be done to complete it. It is, therefore, my conclusion that the plaintiff is entitled to the yardage claimed in item number 12 at the price claimed, 38½ cents per cubic yard, or a total of $7,263.13.''

It follows plaintiff should have judgment in the sum of $16,523.62, and cause should be remanded for judgment accordingly. Defendant should have costs in this court.

POTTER, J., concurred with CLARK, C. J.