ANTKIEWICZ v MOTORISTS MUTUAL INSURANCE COMPANY

Docket No. 78-1421. Submitted January 17, 1979, at Detroit.—Decided July 23, 1979. Leave to appeal applied for.

    Vincent Antkiewicz and his brother Roger Antkiewicz operated the Ambassador Restaurant in a building located in the City of Roseville which was owned by Gino's, Inc. On February 9, 1975, a fire occurred which resulted in extensive damage. An arson investigation was initiated by the Roseville police and fire departments. Vincent and Roger Antkiewicz were advised to remain off the premises and not to remove any items during the investigation. On April 15, 1976, 14 months after the arson investigation had commenced, Vincent and Roger Antkiewicz were charged with the burning of insured property with intent to defraud. At their criminal trial a directed verdict in favor of the present plaintiffs was entered. Subsequently, Vincent and Roger Antkiewicz brought a civil action against Motorists Mutual Insurance Company, Gino's, Inc., the City of Roseville and public officers Donald Salatka, Ralph Junga and Raymond Jensenius alleging a civil conspiracy among all defendants to deprive plaintiffs of rights and property resulting in humiliation, anxiety and a loss of reputation and good will and alleging liability of Roseville and its agents arising out of the conduct of the arson investigation and decision to bring charges. The City of Roseville and the three named municipal agents filed a motion for summary judgment on the grounds of governmental immunity. Macomb Circuit Court, Hunter D. Stair, J., granted the motion. Plaintiffs appeal. *Held:*

    1. A police and fire department investigation of arson, having as an aim criminal liability and subsequent prosecution, is a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 31.
    Municipal immunity from liability for torts. 60 ALR2d 1198.

[3, 4] 75 Am Jur 2d, Trespass § 17.
    1 Am Jur 2d, Abuse of Process § 16.

[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 79.

[6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45 *et seq.*

governmental function for purposes of the governmental immunity statute. However, liability depends upon whether the specific acts complained of were in the exercise of that function. Plaintiffs allege the intentional tort of trespass and the complaint reveals allegations that the investigation was kept open an inordinate length of time and that it was unduly prolonged. These assertions are sufficient to conclude that an unauthorized or wrongful intrusion constituting trespass may have occurred. Intentional torts committed by public officers are not activities in the exercise or discharge of a governmental function. Summary judgment in favor of the City of Roseville was improperly granted.

2. Discretionary acts of public officers are those of a legislative, executive or judicial character. Ministerial acts are those where the public officers act primarily in response to orders and have little decision-making power during the course of performance. Generally, discretionary acts are protected under governmental immunity, ministerial acts are not. The actions of members of the police and fire departments in conducting an arson investigation resembles a ministerial act which is not covered by governmental immunity. Therefore, there is a possible factual development that would justify a right to recovery and plaintiffs' claim is not clearly unenforceable as a matter of law. Summary judgment in favor of defendants Salatka, Junga and Jensenius was improper.

Reversed and remanded.

1. Judgment — Summary Judgment — Motions — Failure to State a Claim — Pleadings — Allegations and Conclusions — Application of Law — Court Rules.

The Court of Appeals, on review of a motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted, accepts as true the nonmoving party's factual allegations as well as any conclusions which can reasonably be drawn therefrom; thereafter, the Court is required to determine whether the nonmoving party's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. Torts — Governmental Functions — Governmental Immunity — Statutes.

The dispositive test in determining whether an activity is a governmental function for purposes of the governmental immunity statute is whether the activity is one that can be effec-

tively accomplished only by the government (MCL 691.1407; MSA 3.996[107]).

3. TRESPASS — DEFINITIONS — UNAUTHORIZED PRESENCE — AUTHO-
   RIZED PRESENCE — INVALID AUTHORIZATION.
   Any unauthorized intrusion or invasion of the private premises or lands of another could result in a trespass; an initially authorized presence on one's premises may become a trespass if, for some reason, the authorization becomes invalid.

4. TRESPASS — PUBLIC OFFICERS — LEGAL AUTHORIZATION — EXCEED-
   ING AUTHORITY — LIABILITY.
   Generally, a public officer who is on the premises of another pursuant to legal authorization is not liable for trespass; however, such officer becomes liable where he acts in excess of his authority.

5. TORTS — PUBLIC OFFICERS — INTENTIONAL TORTS — GOVERNMEN-
   TAL FUNCTIONS — GOVERNMENTAL IMMUNITY.
   Intentional torts committed by public officers may cause a municipal corporation to lose its defense of governmental immunity because such activities are not within the exercise or discharge of a governmental function.

6. TORTS — PUBLIC OFFICERS — SCOPE OF EMPLOYMENT — DISCRETION-
   ARY AND MINISTERIAL ACTS — GOVERNMENTAL LIABILITY —
   LIABILITY OF OFFICER.
   The liability of a public officer for tortious acts committed in the scope of his employment is determined by deciding whether the acts of the officer are discretionary or ministerial; discretionary acts are normally protected under governmental immunity, ministerial acts are not; the difference between discretionary and ministerial acts is one of degree; discretionary acts are those of a legislative, executive or judicial character, and ministerial acts are those where the public officer acts primarily in response to orders and has little decision-making power during the course of performance.

*Paul R. Jackman,* for plaintiffs.

*Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P.C.,* for defendants.

Before: D. C. RILEY, P.J., and J. H. GILLIS and MACKENZIE, JJ.

MacKENZIE, J. The plaintiffs, Vincent Antkiew-
icz and his brother, Roger Antkiewicz, appeal from
a summary judgment granted on November 9,
1977, by the Macomb County Circuit Court in
favor of the defendants, City of Roseville, Detec-
tive Donald Salatka of the Roseville Police Depart-
ment, and Sergeants Ralph Junga and Raymond
Jensenius of the Roseville Fire Department.

The plaintiffs operated the Ambassador Restau-
rant in a building located in the City of Roseville
which was owned by defendant Gino's, Inc. After
several months of operation of the restaurant, a
fire occurred on February 9, 1975, resulting in
extensive damage.

An investigation of possible arson was initiated
by the police department and fire department of
Roseville. The plaintiffs were advised to remain off
the premises and not to remove any items during
the investigation.

On April 15, 1976, 14 months after the arson
investigation had commenced, the plaintiffs were
charged with the burning of insured property with
intent to defraud, MCL 750.75; MSA 28.270. On
the sixth day of that criminal trial, a directed
verdict was entered in favor of the plaintiffs.

The plaintiffs filed a four-count civil complaint
in this case on June 23, 1977, the third count
alleging liability of the City of Roseville and its
agents, Salatka, Junga, and Jensenius, arising out
of the conduct of the arson investigation and the
decision to bring charges. The fourth count of the
complaint alleged a civil conspiracy among all of
the defendants to deprive the plaintiffs of rights
and property, resulting in humiliation and anxi-
ety, and a loss of reputation and good will.

The City of Roseville and the three named
agents filed a motion for summary judgment or,

alternatively, accelerated judgment on the grounds of governmental immunity. The motion was granted. The plaintiffs filed a motion to set aside the order granting summary judgment, which was denied on January 3, 1978.

## I

Our first determination is whether or not the lower court erred in granting summary judgment. When reviewing the granting of a motion for summary judgment under GCR 1963, 117.2(1), we regard as true the factual allegations of the plaintiffs as well as any conclusions reasonably drawn therefrom. *Armstrong v Ross Twp,* 82 Mich App 77, 81-82; 266 NW2d 674 (1978). We then determine "whether the plaintiff[s'] claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery". *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577, 580 (1972). Tort liability of a governmental agency is dealt with in MCL 691.1407; MSA 3.996(107), which provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

None of the exceptions set forth in the act is applicable to this case. See MCL 691.1402, 691.1405, 691.1406; MSA 3.996(102), 3.996(105), 3.996(106).

Thus, the essential question is whether the in-

vestigation and subsequent prosecution for arson is a "governmental function" for purposes of the governmental immunity statute. The Michigan Supreme Court recently dealt with the construction of the term "governmental function" in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978). In *Parker,* Justices FITZGERALD, KAVANAGH, and LEVIN stated that they would limit the term to activities that are "of essence to governing". They were unable to find that the operation of a hospital was a governmental function, for it is not "an activity of a peculiar nature such that the activity can only be done by the government". *Id.,* 194.

Justice MOODY, in a separate opinion, declined to embrace such a limited construction of "governmental function". Instead, he reached the following conclusion:

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be *effectively accomplished only by the government.* Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this parameter, although performed by a government agency, are not governmental functions and therefore not immune. (Emphasis supplied.) 404 Mich at 200.

Justice MOODY's construction, employing the qualifier "effectively", encompasses the "can only be done by the government" construction set forth by Justices FITZGERALD, LEVIN, and KAVANAGH, and we, therefore, regard it as the dispositive test. Thus, our inquiry when determining whether an

activity is a governmental function is whether the activity is one that can be effectively accomplished only by the government.

Turning to the facts of the instant case, we have little difficulty in concluding that a police and fire department investigation of arson, having as an aim possible criminal prosecution, and the subsequent prosecution are governmental functions.

The determination of whether the underlying activity is a governmental function is only the first step in deciding the immunity question. We must next determine whether the specific acts complained of were in the exercise or discharge of that function. See *Cronin v Hazel Park,* 88 Mich App 488; 276 NW2d 922 (1979), *Duncan v Detroit,* 78 Mich App 632; 261 NW2d 26 (1977).

A recent Michigan Supreme Court decision, *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), appears to set forth a majority Court position that intentional torts committed by public officers are not activities "in the exercise or discharge of a governmental function". In *Lockaby,* the plaintiff brought an action for injuries allegedly inflicted by agents of the Wayne County Sheriff's Department while the plaintiff was in the custody of that department. In separate opinions, a majority of the justices reached a consensus that the intentional nature of the injuries inflicted rendered permissible a cause of action against Wayne County.[1]

---

[1] In a separate opinion, Justices LEVIN, KAVANAGH, and FITZGERALD stated that according to the Court's decision in *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), intentional torts are not in the exercise or discharge of a governmental function and, thus, a cause of action was stated against the county. Justices COLEMAN and RYAN stated that the plaintiff's complaint made out a case potentially not within the exercise or discharge of a governmental function, as it alleged intentional acts on the part of the agents of the defendants. Justice WILLIAMS, in his opinion, stated that the relevant inquiry was whether the agents' acts were *ultra vires,* and not merely whether

In the instant case, the counts in the plaintiffs' complaint allege the commission of the intentional tort of trespass.[2] In Michigan, trespass has been defined to be any unauthorized intrusion or invasion of the private premises or lands of another. *Giddings v Rogalewski,* 192 Mich 319; 158 NW 951 (1916), *Douglas v Bergland,* 216 Mich 380; 185 NW 819 (1921). An initially authorized presence on one's premises may become a trespass if, for some reason, the authorization becomes invalid. 87 CJS, Trespass, § 14. Normally, a public officer who is on the premises of another pursuant to legal authorization is not liable for trespass. Such officer becomes liable, however, where he acts in excess of his authority. See *Clark v Wiles,* 54 Mich 323; 20 NW 63 (1884); 87 CJS, Trespass, § 54. An examination of the plaintiffs' complaint reveals the allegations that "the investigation was kept open an inordinate length of time" and that it was "unduly prolonged". Based on these assertions, we conclude that an unauthorized or wrongful intrusion, constituting a trespass, was sufficiently alleged. Since under the Michigan Supreme Court decision in *Lockaby,* an intentional tort is not an activity within the exercise or discharge of a governmental function, we conclude that summary judgment in favor of defendant City of Roseville was improperly granted.

## II

Our next determination is whether or not the

the acts were intentional. Finally, Justice MOODY stated that the plaintiff properly pled a cause of action for intentional injuries against the defendant Wayne County.

[2] The plaintiffs' complaint insufficiently alleges the tort of malicious prosecution. The element of termination of the proceeding in favor of the accused was omitted. See *Rowbotham v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 142, 147; 244 NW2d 389 (1976).

lower court erred in granting summary judgment in favor of defendants Donald Salatka, Ralph Junga, and Raymond Jensenius. Since these defendants were agents of the City of Roseville, the trial court considered them to be shielded by governmental immunity along with the city.

The liability of a public officer for tortious acts committed in the scope of his employment is determined by deciding whether the acts of the officer are "discretionary" or "ministerial".[3] Discretionary acts are normally protected under governmental immunity; ministerial acts are not. Prosser, Torts (4th ed), § 132, pp 989-990.

The difference between discretionary and ministerial acts is one of degree. Discretionary acts are those of a legislative, executive, or judicial character. *Sherbutte v Marine City,* 374 Mich 48, 54; 130 NW2d 920 (1964), *Armstrong v Ross Twp, supra* at 81. Such acts have been held to include disapproval of liquor bonds of private citizens, *Amperse v Winslow,* 75 Mich 234; 42 NW 823 (1889), and control over the operation of a particular law enforcement system, *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975).

Ministerial acts are those where the public officer has little decision-making power during the course of performance; the officer's acts are primarily in response to orders. See Prosser, *supra* at 990. Prior Michigan decisions have deemed ministerial acts to include the issuance by a county drain commissioner of partial payments for a drain construction, *People, for use of Lapeer*

---

[3] The Supreme Court has not reached a consensus on the proper method to employ for determining whether public employees are protected by governmental immunity. See *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979). In absence of recent guidance, we choose to employ the widely-utilized "discretionary" acts/"ministerial" acts distinction. See *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978).

*County Bank v O'Connell,* 214 Mich 410; 183 NW 195 (1921); seizure of property for delinquent taxes, *Raynsford v Phelps,* 43 Mich 342; 5 NW 403 (1880); an arrest by a police officer, *Sherbutte v Marine City, supra;* and the denial of a building permit by a building inspector, *Armstrong v Ross Twp, supra.* The actions of members of the police and fire departments in conducting an arson investigation resemble the aforementioned acts previously determined by Michigan courts to be ministerial. These actions, therefore, are not covered by the protective cloak of governmental immunity. Because the plaintiffs' claim is not clearly unenforceable as a matter of law, we conclude that the trial judge erred in granting summary judgment in favor of defendants Salatka, Junga, and Jensenius.

Reversed and remanded as to defendants City of Roseville, Donald Salatka, Ralph Junga, and Raymond Jensenius. No costs, plaintiffs having prevailed only on the trespass claim.