MGM BRAKES DIVISION OF INDIAN HEAD, INC v UNI-BOND, INC

Docket No. 54062. Submitted June 18, 1981, at Detroit.—Decided November 24, 1981. Leave to appeal applied for.

MGM Brakes Division of Indian Head, Inc., brought an action against Uni-Bond, Inc., for damages resulting from an alleged breach of an exclusive sales agency agreement. The case was submitted for mediation, and the mediation board subsequently rendered an evaluation. Counsel for both parties were served with copies of the written evaluation. MGM made timely acceptance of the evaluation in writing, and, following Uni-Bond's failure to either accept or reject the evaluation within the time period prescribed by Wayne County Court Rule 403, moved in Wayne Circuit Court for entry of judgment pursuant to the agreement. Following a hearing, the circuit court granted MGM's motion, John M. Wise, J. Uni-Bond appeals. *Held:*

1. The notification of counsel for the parties by personal service was proper under the local court rule.

2. The trial court, in its discretion, properly entered final judgment pursuant to the applicable general and local court rules.

3. The trial court, in its discretion, properly refused to set aside the evaluation of the mediation board after considering the grounds enumerated in the applicable court rule which could provide a basis for such relief.

4. The local court rule providing the mediation procedure followed in this case is specifically authorized by the general

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Process § 65.
[2] 5 Am Jur 2d, Arbitration and Award § 184.
[3] 5 Am Jur 2d, Arbitration and Award § 183.
[4] 5 Am Jur 2d, Appeal and Error § 574.
    16 Am Jur 2d, Constitutional Law § 176.
[5, 7] 5 Am Jur 2d, Arbitration and Award § 8.
    Constitutionality of arbitration statutes. 55 ALR2d 432.
[6] 16A Am Jur 2d, Constitutional Law §§ 791, 798.
    20 Am Jur 2d, Courts § 82.

court rules, was approved by the Supreme Court, and does not conflict with the general court rule prohibiting an improper "practice" by a trial court.

5. The issue relative to the challenged local court rule's alleged denial of equal protection was not preserved for review.

6. The local court rule in question does not deny due process guarantees.

7. Uni-Bond did not demonstrate that the challenged local court rule's classification lacks a reasonable basis.

Affirmed.

E. E. BORRADAILE, J., concurred in the result only. He would note that the provision in Wayne County Court Rule 403 which provides that failure by a party to mediation to reject an evaluation by the mediation board within the time prescribed constitutes an acceptance of the evaluation violates the party's right to a trial by jury. He would affirm on the limited basis of the facts of the case.

### OPINION OF THE COURT

1. JUDGMENTS — MEDIATION — LOCAL COURT RULES.

The provision contained in a Wayne County Court Rule for notice to parties to mediation of the evaluation of the mediation board by mail does not preclude substituted personal service of the board's written evaluation upon counsel for the parties immediately following the board's decision (WCCR 403.7[e]).

2. JUDGMENTS — MEDIATION — LOCAL COURT RULES — GENERAL COURT RULES.

A trial court, upon timely motion by a party to mediation conducted pursuant to Wayne County Court Rules and upon failure of an opposing party to make written rejection of the evaluation of the mediation board within the time prescribed by the rules, may enter final judgment, and such judgment may not be set aside pursuant to the provisions of the general court rules governing default, although the trial court, in its discretion, may grant relief from the judgment on the bases of mistake, inadvertence, excusable neglect, or any other reason enumerated in the appropriate general court rule (GCR 1963, 520, 528.3, WCCR 403).

3. COURTS — MEDIATION — LOCAL COURT RULES — GENERAL COURT RULES.

The provision contained in Wayne County Court Rule 403 which treats a failure by a party to mediation to reject the evaluation of the mediation board as an acceptance of the evaluation is

not a "practice" of a trial court proscribed as improper under the general court rules; the rule was approved by the Supreme Court and is specifically authorized by the general court rules (GCR 1963, 316, 927.1[b], WCCR 403).

4. APPEAL — CONSTITUTIONAL LAW — PRESERVING QUESTION.
Failure to raise an issue in a trial court precludes review on appeal even where the claim is meritorious or involves a constitutional question absent a showing of manifest injustice.

5. COURTS — MEDIATION — LOCAL COURT RULES — DUE PROCESS.
The provision of a Wayne County Court Rule which treats a failure by a party to mediation to reject the evaluation of the mediation board as an acceptance of the evaluation does not deny the party his right to due process because the failure implies an affirmative decision and substantial procedural rights regarding the mediation hearing are provided under the rule (WCCR 403).

6. COURTS — COURT RULES — EQUAL PROTECTION.
A party attacking a classification contained in a court rule on equal protection grounds must demonstrate that the classification lacks a reasonable basis, and the mere fact that contrary rules exist in other jurisdictions is insufficient to support such an allegation.

CONCURRENCE BY E. E. BORRADAILE, J.

7. COURTS — MEDIATION — JURY TRIAL — CONSTITUTIONAL LAW — LOCAL COURT RULES.
*A Wayne County Court Rule which provides that failure by a party to mediation to reject an evaluation by the mediation board within the time prescribed constitutes an acceptance of the evaluation violates the party's right to a trial by jury (Const 1963, art 1, § 14, WCCR 403.7[e], 403.15).*

*Berry, Moorman, King, Lott & Cook, P.C.* (by *Robert R. Cleary*), for plaintiff.

*Evans & Luptak* (by *Gordon S. Gold*), for defendant.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

V. J. BRENNAN, P.J. Defendant appeals as of right from a Wayne County Circuit Court order denying its motion for rehearing and to set aside judgment. The challenged judgment was entered according to the amount awarded by an unrejected mediation board's evaluation.

The central issue on appeal is the interpretation, application, and finality of the Third Judicial Circuit—Wayne County Local Rule 403 (WCCR 403) when the judgment is the result of failure to make written rejection of the mediation board's evaluation within 40 days.

In the instant case, plaintiff's complaint alleged that defendant breached an exclusive sales agency agreement under which plaintiff was to receive commissions for services rendered defendant. The case was submitted to mediation. On June 11, 1980, the mediation board rendered an evaluation in the amount of $22,500 in plaintiff's favor. It is undisputed that counsel for both parties were delivered written notice of the mediation board's evaluation by hand immediately after the board reached its decision. In addition, it is uncontroverted that specific oral instructions were given that there must be written acceptance or rejection of the evaluation within 40 days or judgment would be entered accordingly. The notice of the mediation board's evaluation stated:

"You are further notified that the *Tribunal Clerk must be notified* in writing of acceptance or rejection of the Mediation Board's evaluation within forty (40) days of the date of mailing of said evaluation. *If the evaluation is not rejected within forty (40) days the evaluation shall be deemed to be accepted and an appropriate judgment will be entered by the court pursuant to LCR 403.*"

Plaintiff made timely acceptance by written notification. Defendant, however, failed to do anything, *viz.:* it sent neither written acceptance nor rejection. Accordingly, on July 29, 1980, notification was sent that the mediation evaluation had been accepted. Defendant thereafter informed the tribunal of its intent to reject the evaluation.

On August 15, 1980, plaintiff moved for entry of judgment pursuant to the mediation evaluation being deemed "accepted", and defendant moved to set aside the mediation evaluation. Oral arguments were heard. The trial court ruled, *inter alia,* that the local court rule requires that positive action be taken within 40 days, that failure to act presumes acceptance of the evaluation, and that neither neglect nor delay on the part of counsel were justifiable grounds for relief from the resulting judgment. The trial court denied the motion to set aside the evaluation and granted plaintiff's motion to enter judgment in accordance with the mediation award. Subsequently, defendant filed a motion for rehearing and to set aside the judgment.

On appeal, defendant argues that it was not properly notified by mail of the board's evaluation. We find this argument to be without merit. While WCCR 403.7(e) does make reference to the "mailing of the board's evaluation", the obvious intendment of this provision is to provide notice to the parties of the board's evaluation. In the present case, it is undisputed that counsel for both parties were served personally with the written evaluation immediately after the board reached its decision. This substituted service more than amply fulfilled the notification provisions of the rule. Defendant now cannot complain that it was not properly notified.

The real thrust of defendant's appeal is whether the trial court erred in granting plaintiff's motion for entry of judgment where defendant had neither accepted nor rejected the evaluation in writing within 40 days. Specifically, defendant complains that the trial court erred in concluding that defendant's silence was, under the court rule, a tacit acceptance of the evaluation and that entry of judgment was an automatic legal consequence of defendant's failure to reject the evaluation.

Alternatively, defendant argues that, if it is deemed to have accepted the mediation evaluation by its silence, this should be considered as a form of default which could be set aside upon defendant's showing of "good cause". In this regard, defendant analogizes to GCR 1963, 520 and case law governing the setting aside of defaults and default judgments. Defendant further argues that, if entry of final judgment were appropriate, the trial court erred in not setting aside the judgment pursuant to GCR 1963, 528.3 and case law governing relief from judgments.

In *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 533-534; 311 NW2d 414 (1981), we recently considered similar contentions and concluded thusly:

"The language of WCCR 403 is clear and unambiguous in requiring written acceptance or rejection within 40 days and in providing that 'a judgment will be entered' if the evaluation is not rejected. WCCR 403.7(e), 403.15(a). Defendants' failure to respond to the mediation evaluation must be construed under the local court rule as substantively accepting the evaluation. The policy of the rule is to expedite and simplify final settlement of cases. This Court concludes that the time limitations operate to achieve these ends and that no party is prejudiced by a strict enforcement of the rule.

Denial of the motion to file a belated rejection and entry of final judgment was therefore proper.

"The foregoing determination, however, does not preclude automatically any possibility of relief from the resultant final judgment. GCR 1963, 528.3 provides broadly for discretionary relief from a final judgment upon any grounds that would establish the injustice of permitting the judgment to stand. This provision provides the mechanism by which the court is permitted to exercise its discretion in striking a balance between the desire to achieve finality and to remedy injustice.

* * *

"We conclude that this subrule 528.3 was available to the court to enable it to make a discretionary decision on whether relief could be granted from the mediation final judgment. In short, the court had the power under GCR 1963, 528.3 to consider whether to grant or deny a motion for relief on the basis of the enumerated grounds."

We find that the above-expressed rationale is applicable and controlling. Accordingly, the trial court did not err in its entry of final judgment predicated upon the defendant's failure to give written rejection of the evaluation within 40 days. Under WCCR 403, silence is to be construed as acceptance of the evaluation. The record shows the court did exercise its discretionary power under GCR 1963, 528.3.

Secondly, we reject the notion that the subsequent judgment should have been set aside by considerations analogous to setting aside a default or default judgment as governed by GCR 1963, 520. The procedural machinery envisioned by GCR 1963, 520, is inappropriate since the substantive merits of the case previously have been considered and determined by the mediation board. Therefore, we find that this rule provides no basis for granting relief from the resulting judgment.

Third, we agree that the trial court does have the discretionary power, via GCR 1963, 528.3, to grant relief from the judgment on the basis of the enumerated grounds of mistake, inadvertence, excusable neglect, or any other reason justifying relief from the operation of the judgment. However, we further find that the trial court gave its consideration to these grounds. Its finding that defendant had not demonstrated either excusable neglect or delay in not rejecting the mediation evaluation is not clearly erroneous. Thus, we affirm the trial court's decision not to grant relief under this rule. *Lark v Detroit Edison Co,* 99 Mich App 280, 282-283; 297 NW2d 653 (1980).

Defendant's last two challenges are also unavailing.

Defendant suggests that treating the failure to reject as being an acceptance constitutes an improper "practice" in conflict with GCR 1963, 927.1(b). That rule provides:

"If a practice of a trial court

"(1) is not specifically authorized by these rules, and

"(2) reasonably depends on attorneys or litigants being informed of the practice for its effectiveness, or

"(3) requires an attorney or litigant to do some act in relation to practice before that court,

"the practice, before enforcement, must be adopted by the court as a local court rule and approved by the Supreme Court."

Assuming, *arguendo,* that the entire local court rule is a "practice", it does not conflict with GCR 1963, 927.1(b). WCCR 403 was adopted as a local court rule and approved by the Michigan Supreme Court, effective December 4, 1978. See Notice Re Rule 403, stated in Michigan Court Rules, 1980, pp 1074-1075. Additionally, WCCR 403 was specifi-

cally authorized by the General Court Rules, effective July 1, 1980. GCR 1963, 316 provides for mediation procedures exactly opposite to WCCR 403, *i.e.,* failure to accept a mediation evaluation constitutes its rejection, GCR 1963, 316.6(h)(1). However, GCR 1963, 316.1(b) provides:

"This rule does not apply to the circuit court for the third judicial circuit. In that court, mediation procedure is governed by third circuit local rule 403."

Therefore, there is no conflict with GCR 1963, 927.1(b). This contention is without merit.

Lastly, defendant challenges WCCR 403 as unconstitutional in that it denies equal protection of the law.

This issue has not been preserved for review since it was not raised in the trial court. Review is precluded even if the claim may be meritorious and even if it involves a constitutional question, *Penner v Seaway Hospital,* 102 Mich App 697, 706-707; 302 NW2d 285 (1981).

Defendant's claim also fails on its merits. Defendant contends that application of the rule results in a denial of due process because a judgment can be entered even though no response has been made. That reasoning is incorrect. The failure to respond is in fact an affirmative response under the provisions of the rule. The failure to respond implies that an affirmative decision has been made regarding the mediation evaluation. Additionally, the rule provides substantial procedural rights regarding the mediation hearing. Therefore, the application of the rule does not result in a denial of due process.

Defendant also contends that application of the rule constitutes a denial of equal protection and

that other rules provide for contrary procedures. A party attacking a classification on equal protection grounds must prove that the classification lacks a reasonable basis, *In re Konke Estate,* 98 Mich App 249, 255; 296 NW2d 226 (1980). The mere fact that contrary rules exist in other jurisdictions does not support defendant's contentions. We conclude that defendant has not demonstrated that the classification lacks a reasonable basis.

The decision of the trial court is affirmed.

N. J. Kaufman, J., concurred.

E. E. Borradaile, J. *(concurring in result only).* I concur in the result only because I believe that if defendant stipulated to mediation and did not demand a jury trial or rely on plaintiff's demand, it waived its right thereto and thus cannot now complain. I agree with the majority's opinion on the issues of due process and equal protection.

I write separately, however, because I believe that Wayne County Local Rule 403 (WCCR 403), which provides that failure to reject the mediation board's evaluation within 40 days from the date on which the evaluation is mailed constitutes acceptance, is constitutionally flawed. WCCR 403.7(e), 403.15.

In cases where the court orders mediation and a a party neither accepts nor rejects the evaluation and demands a trial by jury in cases where jury trial is guaranteed by the constitution, the rule cannot be read as it was read in this case.

Const 1963, art 1, § 14, guarantees a right to a jury trial, and that right must not be abridged. *Kahoun v Metropolitan Life Ins Co,* 12 Mich App 441; 162 NW2d 922 (1968). Under Michigan's earlier constitution, it has been held that courts should not whittle away the right. *People v Bigge,*

297 Mich 58; 297 NW 70 (1941). The constitutional right to a jury trial must be preserved, although it may be waived. *Jones v Eastern Michigan Motorbuses,* 287 Mich 619; 283 NW 710 (1939). The right is described in 47 Am Jur 2d, Jury, § 12, pp 635-636, as follows:

"The right of trial by jury is not absolute in the sense that it has universal application. It is for the most part peculiar to the common law and the systems of jurisprudence stemming therefrom. But the constitutional right to jury trial, where and insofar as it exists, cannot be made a nullity, destroyed, annulled, obstructed, impaired, or restricted by legislative or judicial action.

\* \* \*

"\* \* \* It has been observed that the right to jury trial is not to be sacrificed in the interest of economy, although it has been held that in cases of reasonable necessity, personal and proprietary interests may be defended by judicial process without a jury." (Footnotes omitted.)

Mediation has become a fine vehicle to help relieve pressure from the court dockets. However, it must not sacrifice constitutionally protected rights on the altar of expediency. While I agree with the majority that the court has discretionary power under GCR 1963, 528.3 to grant relief from judgment based on the enumerated grounds, a court must be very careful to avoid violating basic constitutional rights as well.

I would affirm on the very limited basis of the facts of this case.