FISHER v DEPARTMENT OF MENTAL HEALTH

Docket No. 61799. Submitted January 19, 1983, at Detroit.—Decided
August 16, 1983. Leave to appeal applied for.

Plaintiff, Eugene Fisher, was committed to the Traverse City
State Hospital on February 8, 1952, pursuant to an order of the
Wayne County Probate Court. He was later transferred to
Northville State Hospital. On August 23, 1974, plaintiff was
declared of sound mind and released. He then filed suit in the
United States District Court for the Eastern District of Michi-
gan, Southern Division, against the State of Michigan, the
Michigan Department of Mental Health, Traverse City State
Hospital and approximately 17 medical doctors. That court
thereafter dismissed with prejudice Counts II, III, IV, and VII
of plaintiff's complaint. In addition, plaintiff was given leave to
amend Counts I, V, and VI. Plaintiff then filed a second
amended complaint containing seven counts: Count I contained
allegations of false imprisonment; Count II, breach of duty of
treatment; Count III, malpractice; Count IV, assault and bat-
tery; Count V, deprivation of constitutional rights; Count VI,
conspiracy to interfere with civil rights; and Count VII, failure

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 446.
[2] 61A Am Jur 2d, Pleading §§ 71 et seq., 226, 230 et seq.
[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310-
    312.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 63, 85
    et seq.
  Validity and construction of statute authorizing or requiring gov-
    ernmental unit to indemnify public officer or employee for liabil-
    ity arising out of performance of public duties. 71 ALR3d 90.
  Validity and construction of statute authorizing or requiring gov-
    ernmental unit to procure liability insurance covering public
    officers or employees for liability arising out of performance of
    public duties. 71 ALR3d 6.
[5] 40 Am Jur 2d, Hospitals and Asylums § 2.
[6, 8] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 28.
[7-9] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 45.
[10] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 88.
[11] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 200.

to prevent interference with civil rights. The district court judge again dismissed with prejudice Counts I, II, IV, V, and VI. Count III was dismissed without prejudice to plaintiff's right to file that claim in an appropriate state court. The judge apparently considered Count VII as dismissed in his original order. Thereafter, the Sixth Circuit Court of Appeals affirmed. 633 F2d 214 (CA 6, 1980). On the same day that plaintiff's second amended complaint was dismissed the plaintiff filed an identical complaint in the Wayne Circuit Court. Pursuant to defendants' motion for summary judgment and a hearing held thereon, the trial court, Henry J. Szymanski, J., dismissed Counts I, II, IV, VI, and VII as to all the defendants. In addition, with respect to the State of Michigan, the Department of Mental Health and the Traverse City State Hospital, the trial court dismissed Count III. Plaintiff does not appeal from that order. Subsequently, the trial court granted the individual defendants' motions for summary judgment as to Count III, concluding that the individual defendants were absolutely immune from tort liability because they were protected by Michigan's governmental immunity statute. Plaintiff appeals from the order granting summary judgment to the individual defendants. *Held:*

1. Plaintiff's argument that because his claims against all the defendants are grounded in the United States and Michigan Constitutions they overcome a governmental immunity bar and state a cause of action upon which relief can be granted was dismissed with prejudice in the federal court. That dismissal is res judicata and binding upon the Court of Appeals. Furthermore, such argument was not raised when plaintiff argued against the granting of the summary judgment to the individual defendants from which he appealed; thus, the argument was not properly before the Court.

2. A state-operated psychiatric facility, such as Traverse City State Hospital, is protected by governmental immunity.

3. Public employees do not have statutory governmental immunity but may be protected by a common-law immunity.

4. The Court of Appeals declined to follow the "scope of employment" test in this case. Instead, the Court chose to follow the "discretionary/ministerial" test with the caveat that that test can be read to expand absolute immunity unreasonably if the term "discretion" is used in an expansive fashion.

5. Absolute immunity from tort liability does not extend to public employees who must exercise any manner of discretion as a public employee if the nature of that discretion is not

related to actions which are legislative, executive, or judicial in nature.

6. Pursuant to that common-law protection, plaintiff did allege facts in his malpractice count in avoidance of governmental immunity.

7. The discretion exercised by psychiatrists and mental health practitioners is not legislative, judicial, or executive in nature. To the extent that plaintiff's complaint alleged a breach of the individual defendants' common-law duty of care owed to plaintiff as a patient in a mental health facility, it withstands a motion to grant summary judgment.

Reversed and remanded.

R. M. MAHER, J., concurred in the disposition of the case but for different reasons. A public employee is immune from liability for negligence if the allegedly negligent act falls within the scope of his employment. A negligent act falls within the scope of the actor's employment only if the duty he breached is imposed upon him because he is a public employee. Here, plaintiff alleged that the individual defendants were guilty of malpractice inasmuch as they breached their duty to follow the applicable professional standards. Thus, the duty allegedly breached is not a public duty since all psychiatrists are subject to such duty regardless of whether they are employed by the state or by private facilities. The acts of malpractice alleged are, thus, not within the scope of the individual defendants' employment and they are not immune from liability for malpractice.

### OPINION OF THE COURT

1. ESTOPPEL — RES JUDICATA — FEDERAL COURTS — STATE COURTS.

   The doctrine of res judicata bars the relitigation of issues previously decided in the first action when the parties to a second action are the same even if the first action was in a federal court and the second action in a state court.

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

   A motion for summary judgment based on failure to state a claim upon which relief may be granted challenges the legal sufficiency of the pleadings; all well-pleaded allegations of fact must be taken as true and the proper inquiry is whether the claims made are so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. GOVERNMENTAL IMMUNITY — PLEADING.

A plaintiff faced with a defendant's motion for summary judg-
ment based upon governmental immunity has the burden of
pleading facts in avoidance of that immunity.

4. GOVERNMENTAL IMMUNITY — AGENCIES — EMPLOYEES.

Governmental agencies are granted statutory immunity from tort
liability where they are engaged in the exercise or discharge of
a governmental function; however, the statutory grant of im-
munity does not apply to employees of governmental agencies
(MCL 691.1407, 691.1408; MSA 3.996[107], 3.996[108]).

5. GOVERNMENTAL IMMUNITY — STATE-OPERATED PSYCHIATRIC FACILI-
TIES.

A state-operated psychiatric facility is protected from tort liabil-
ity by statutorily granted governmental immunity (MCL
691.1407; MSA 3.996[107]).

6. GOVERNMENTAL IMMUNITY — GOVERNMENTAL OFFICIALS — TORTS
— COMMON LAW.

The governmental tort liability act does not provide any immu-
nity to governmental officials; however, the common law has
recognized that governmental officials have a limited immunity
(MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

7. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — DIS-
CRETIONARY ACTS — MINISTERIAL ACTS.

The common-law standard protecting governmental employees
from tort liability provides that discretionary acts of public
officials are absolutely immune from tort liability while minis-
terial acts are not; in applying such standard the term "discre-
tion" should not be read in an expansive fashion.

8. GOVERNMENTAL IMMUNITY — COMMON LAW — GOVERNMENTAL
EMPLOYEES.

The common-law standard protecting governmental employees
from tort liability strictly limits absolute immunity to govern-
mental employee actions which are legislative, executive, or
judicial in nature; thus, absolute immunity does not extend to
public employees who must exercise any manner of discretion
as a public employee if the nature of that discretion is not
related to legislating, judging, or executing governmental deci-
sions or policies.

9. GOVERNMENTAL IMMUNITY — PSYCHIATRISTS.

Psychiatrists and mental health practitioners may exercise some
discretion while treating an institutionalized patient, however,

such discretion is not legislative, judicial, or executive in nature.

CONCURRENCE BY R. M. MAHER, J.

10. GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — NEGLIGENCE
      — SCOPE OF EMPLOYMENT.

    *A public employee is immune from liability for negligence if the allegedly negligent act falls within the scope of his employment; a negligent act falls within the scope of the actor's employment only if the duty he breached is imposed upon him because he is a public employee.*

11. MENTAL HEALTH — PSYCHIATRISTS — DUTY TO PATIENTS.

    *All psychiatrists, whether employed by a state institution or private facility, are subject to a duty to exercise competent, professional judgment in all aspects of treatment of their patients; such duty is not a public duty.*

*Turner & Turner, P.C.* (by *Lee I. Turner),* and *Gualtieri, Larco & Hyde, P.C.* (by *Roger Q. Hyde),* of counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Craig Atchinson,* Assistants Attorney General, for J. Y. Cho, M.D., M. Selim, M.D., A. Kapik, M.D., M. B. Scheffer, M.D., R. L. Newhouse, M.D., R. Nervig, M.D., J. Wolburg, M.D., A. Tsitos, M.D., and F. T. Sorum, M.D.

*John M. Toth* and *David M. Baldridge,* for T. S. Lian, M.D.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

HOOD, J. Plaintiff appeals as of right from an order granting summary judgment, GCR 1963, 117.2(1), to the individual defendants.

Plaintiff was committed to Traverse City State Hospital on February 8, 1952, pursuant to an

order of the Wayne County Probate Court, was held there for over 19 years, and was then transferred to Northville State Hospital. On August 23, 1974, plaintiff was declared of sound mind and released from Northville State Hospital. Plaintiff then instituted legal action in which he claimed that most of his hospitalization and detention was completely unnecessary and occasioned, among other things, by the professional negligence of the individual defendants. In order to simplify our consideration of this matter, a brief outline of the procedural history of this litigation is instructive.

On or about August 19, 1976, plaintiff filed suit in the United States District Court for the Eastern District of Michigan, Southern Division, against the State of Michigan, the Michigan Department of Mental Health, Traverse City State Hospital, and approximately 17 medical doctors in a seven count complaint. On December 29, 1977, Federal District Judge John Feikens issued an opinion and order dismissing with prejudice Counts II, III, IV, and VII. In addition, plaintiff was given leave to amend Count I, to show that it was not barred by the applicable statute of limitations, and Counts V and VI, to state a claim upon which relief could be granted.

On September 12, 1978, plaintiff filed a second amended complaint in the federal district court. This amended complaint also contained seven counts: Count I contained allegations of false imprisonment; Count II, breach of duty of treatment; Count III, malpractice; Count IV, assault and battery; Count V, deprivation of constitutional rights; Count VI, conspiracy to interfere with civil rights; and Count VII, failure to prevent interference with civil rights.

On November 2, 1978, Judge Feikens dismissed

with prejudice Counts I, II, IV, V and VI. Count III was dismissed "without prejudice to plaintiff's right to file that claim in an appropriate state court". For reasons that are not clear, Judge Feikens stated the following in his opinion: "Count VII of plaintiff's original complaint has not been reasserted in his second amended complaint and, therefore, need not be disposed of in this opinion". Apparently he considered Count VII as dismissed in his original order.

Plaintiff appealed Judge Feikens's decision to the Sixth Circuit Court of Appeals. On September 30, 1980, that court ordered Judge Feikens's decision affirmed. 633 F2d 214 (CA 6, 1980).

Meanwhile, on the same day that Judge Feikens dismissed plaintiff's second amended complaint, plaintiff filed an identical complaint in the Wayne County Circuit Court. Pursuant to defendants' motion for summary judgment and a hearing held thereon, that trial court dismissed Counts I, II, IV, VI, and VII as to all defendants. In addition, with respect to the State of Michigan, the Department of Mental Health, and the Traverse City State Hospital, the trial court dismissed Count III. Plaintiff does not appeal from this order. Subsequently, the trial court heard arguments on the individual defendants' motions for summary judgment as to Count III. The trial court granted the motion, concluding that the individual defendants were absolutely immune from tort liability because they were protected by Michigan's governmental immunity statute, MCL 691.1407; MSA 3.996(107).

We reverse.

Plaintiff conceded in his brief on appeal and at oral argument that the question before this Court is limited to a review of the trial court's decision to grant summary judgment to the individual

defendants. However, plaintiff also argues in his brief that because his claims against all the defendants are grounded in the United States and Michigan Constitutions they overcome a governmental immunity bar and state a cause of action upon which relief can be granted. We find this argument unwarranted. The allegations in plaintiff's complaint grounded in the constitutions were dismissed with prejudice in the federal court. That dismissal is res judicata, or the law of this case, and binding upon this Court. *In re Gerber Trust,* 117 Mich App 1; 323 NW2d 567 (1982); *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745; 321 NW2d 798 (1982).

Furthermore, as plaintiff only appeals from the trial court's second summary judgment order, this Court's review is limited to the issues raised therein. Plaintiff's constitutional arguments were not raised when he argued against granting summary judgment to the individual defendants. Thus, this argument is not properly before this Court. *MGM Brakes Division of Indian Head, Inc v Uni-Bond, Inc,* 111 Mich App 467, 475; 315 NW2d 170 (1981), *lv den* 414 Mich 943 (1982).

Therefore, the only issue we must resolve is whether the trial court erred by finding the individual defendants insulated from plaintiff's malpractice claim by the governmental immunity statute. MCL 691.1407; MSA 3.996(107). If not, we also must ask whether the common law protects the individual defendants with absolute immunity against plaintiff's claim.

A motion for summary judgment for failure to state a claim, GCR 1963, 117.2(1), tests the legal sufficiency of a complaint. All well-pled allegations must be taken as true. The plaintiff withstands the motion unless the claims are so clearly unenforce-

able as a matter of law that no factual development could possibly justify recovery. *Fuhrmann v Hattaway,* 109 Mich App 429, 433; 311 NW2d 379 (1981), *lv den* 414 Mich 858 (1982); *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). Moreover, where governmental immunity is an issue, the plaintiff has the burden of pleading facts in avoidance of governmental immunity. *Fuhrmann, supra,* p 434. Under the governmental immunity statute, governmental agencies are granted statutory immunity from tort liability where they are engaged in the exercise or discharge of a governmental function. A state-operated psychiatric facility, such as defendant Traverse City State Hospital, is protected by governmental immunity. *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). The preamble to the governmental immunity statute states, in pertinent part:

"AN ACT to make uniform the liability of municipal corporations, political subdivisions, and the state, its agencies and departments, when engaged in a governmental function, for injuries to property and persons * * *; to define and limit the liability of the state when engaged in a proprietary function; to authorize the purchase of liability insurance to protect against loss arising out of this liability, to provide for defending certain claims made against public officers and paying damages sought or awarded against them." 1964 PA 170.

From the above, it is clear that the statute does not apply to employees of governmental agencies. In fact, § 8 of the act implies that governmental employees may be liable for acts of negligence performed while acting within the scope of their employment:

"(1) Whenever a claim is made or a civil action is commenced against an officer or employee of a governmental agency *for injuries to person or property caused by negligence of the officer or employee while in the course of employment and while acting within the scope of his or her authority,* the governmental agency may pay for, engage, or furnish the services of an attorney to advise the officer or employee as to the claim and to appear for and represent the officer or employee in the action. The governmental agency may compromise, settle, and pay the claim before or after the commencement of a civil action. Whenever a judgment for damages is awarded against an *officer* or *employee* of a governmental agency as a result of a civil action for personal injuries or property damage caused by the *officer* or *employee while in the course of employment and while acting within the scope of his or her authority,* the governmental agency may indemnify the officer or employee or pay, settle, or compromise the judgment." MCL 691.1408; MSA 3.996(108) (emphasis added).

Thus, the statute does not immunize, nor did the Legislature intend it to immunize, public employees from tort liability. This Court recognized this lack of statutory immunity for public employees in *Tocco v Piersante,* 69 Mich App 616, 621; 245 NW2d 356 (1976), *lv den* 399 Mich 882 (1977). In a recent Supreme Court decision three justices also recognized that public employees do not have statutory governmental immunity but may be protected by a common-law immunity:

"While the governmental tort liability act does not provide any immunity to governmental officials, the common law has recognized that governmental officials have a limited immunity. The cause has not been tried; decision on whether there is immunity should be deferred." *Lockaby v Wayne County,* 406 Mich 65, 78; 276 NW2d 1 (1979).

The question then becomes what is the common-

law standard protecting governmental employees from tort liability? When that question is answered, we can then ask whether plaintiff has pled facts in his malpractice count that sufficiently avoid that common-law protection.

The appellate decisions of our Michigan courts in the area of governmental and governmental employee or official immunity are, more often than not, models of tergiversation.[1] In the two most recent Supreme Court cases that raised the issue of individual governmental employee immunity, the Court split in many directions in several opinions without clearly resolving the question. See *Lockaby, supra,* and *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979).

Since *Bush* and *Lockaby* were decided, this Court has split regarding the common-law standard of employee governmental immunity. Some panels follow what those judges perceive to be the pronouncements of the common law enunciated in *Bush* and *Lockaby.* Gleaned from the several opinions in those two cases, these panels have held that a public employee is immune from tort liability when his or her allegedly tortious acts fall within the scope of his or her employment while employed by a governmental agency engaged in a governmental function, *i.e.,* an agency protected by the governmental immunity statute. See, *e.g., Everhart v Roseville Community Schools Bd of Ed,* 108 Mich App 218; 310 NW2d 338 (1981), and *Pomilee v Detroit,* 121 Mich App 121; 328 NW2d 595 (1982).

[1] For a comprehensive treatment of the historical basis for the governmental immunity doctrine in this state, see Cooperrider, *The Court, the Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187 (1973). For an overview of recent case law concerned with the governmental immunity doctrine for both agencies and officials, see Littlejohn and DeMars, *Governmental Immunity After* Parker *and* Perry: *The King Can Do Some Wrong,* 1982 DCI. Rev 1 (1982).

Other panels appear to follow a test favored by Justice WILLIAMS in *Bush, supra,* p 734, and in *McCann v Michigan,* 398 Mich 65, 73-74; 247 NW2d 521 (1976). That test is that all governmental employees are absolutely immune from tort liability while acting within the scope of their employment. Only a governmental employee's *ultra vires* acts are not protected. The panels of this Court which apparently follow this test hold that a public employee is immune from tort liability when the allegedly tortious conduct falls within the scope of his or her employment. See, *e.g., Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981); *Shwary v Cranetrol Corp,* 119 Mich App 736; 326 NW2d 627 (1982); *Pope v McIntyre,* 124 Mich App 144; 338 NW2d 891 (1983).

Still other panels of this Court have rejected an attempt to glean a precedential common-law standard for public employee tort immunity from *Bush* and *Lockaby.* Instead, these panels adhere to the heretofore recognized rule that discretionary acts of public officials are absolutely immune from tort liability while ministerial acts are not. See, *e.g., Layton v Quinn,* 120 Mich App 708; 328 NW2d 95 (1982), *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979), and *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389; 283 NW2d 749 (1979), *lv den and vacated on other grounds* 407 Mich 936; 285 NW2d 659 (1979).

Plaintiff in this case alleged that the individual defendants committed their allegedly tortious acts while employed·for state institutions and within the scope of that employment. The defendant institutions, as state psychiatric hospitals, are held to be exercising a governmental function and, thus, are protected by the immunity statute. *Perry, supra.* Therefore, if we were to follow the "scope of

employment test" we would find that plaintiff failed to allege facts in avoidance of governmental immunity and affirm the trial court.[2]

However, we decline to follow the "scope of employment test". While this test appears simple to apply and is, therefore, temptingly attractive, the test unreasonably expands the common-law protection of absolute immunity from tort liability to governmental employees. The adoption of the test subverts the common-law purpose of the immunity doctrine: the insulation of governmental decision- or policy-makers from individual liability. See *Littlejohn* and *DeMars, supra,* 1982 DCL Rev 38-39.

Therefore, we choose to continue to follow the discretionary/ministerial test with the following caveat: We note that this test, too, can be read to expand absolute immunity unreasonably if the term "discretion" is used in an expansive fashion. We have strictly limited absolute immunity from tort liability to governmental employee actions which are legislative, executive, or judicial in nature. *Sherbutte v Marine City,* 374 Mich 48, 54; 130 NW2d 920 (1964). Thus, absolute immunity from tort laibility does not extend to public employees who must exercise any manner of discretion as a public employee if the nature of that discretion is not related to legislating, judging, or executing governmental decisions or policies.

Pursuant to that common-law protection, we

---

[2] We note that one panel of this Court would reach the same result in this case using a "scope of employment" test. *Davis v Lhim,* 124 Mich App 291; 335 NW2d 481 (1983). That panel adds a further requirement to the test, *i.e.,* that the public employee's *duty* toward the plaintiff be public in nature. We can find no other published case to date which applies the *Davis* analysis under a "scope of employment" test where the defendant employee is employed by an agency entitled to governmental immunity and his or her complained of activities are clearly functions of his or her employment. See *Pomilee, supra,* for a different result under the "scope of employment" test.

find that plaintiff did allege facts in his malpractice count in avoidance of governmental immunity. While we recognize that psychiatrists and mental health practitioners must exercise some discretion while treating an institutionalized patient, see *Fuhrmann, supra,* p 436, we also find that such discretion is not legislative, judicial, or executive in nature. Thus, to the extent that plaintiff's complaint alleges a breach of the individual defendants' common-law duty of care owed to plaintiff as a patient in a mental health facility, it withstands a grant of summary judgment. GCR 1963, 117.2(1).

We add one final note. We do not find the discretionary/ministerial test entirely satisfactory and believe it is time to reconsider the nature and purpose of absolute immunity from tort liability given to state employees and officials. The trend of the law is to strictly limit absolute governmental immunity because of the pervasive expansion of government. Should governmental immunity be expanded beyond strict boundaries, perhaps that expansion should be by way of a conditional or qualified immunity rather than absolute. Because this issue is a source of continuing confusion for trial courts and this Court alike, we urge the Supreme Court to make the examination of this issue one of its priorities.

Reversed and remanded.

T. M. BURNS, P.J., concurred.

R. M. MAHER, J. *(concurring).* I concur in Judge HOOD's disposition of this case, but for different reasons. I adhere to the view that a public employee is immune from liability for negligence if the allegedly negligent act falls within the scope of his employment. See *Davis v Lhim,* 124 Mich App

291; 335 NW2d 481 (1983). A negligent act falls within the scope of the actor's employment only if the duty he breached is imposed upon him because he is a public employee. *Davis, supra,* p 296. In the present case, the plaintiff alleged that the individual defendants were guilty of malpractice inasmuch as they breached their duty to follow the applicable professional standards. In *Davis, surpa,* p 297, I said:

"All psychiatrists, whether employed by a state institution or private facility, are subject to a duty to exercise competent, professional judgment in all aspects of treatment of their patients * * *."

Thus, the duty that the individual defendants allegedly breached is not a public duty. Consequently, their acts of malpractice, as alleged, are not within the scope of their employment. Accordingly, I hold that the individual defendants are not immune from liability for malpractice.