**AMERICAN EXCAVATORS,
INC., Plaintiff,**

v.

**Johanna PARSHALL, Defendant.**

**No. G83–485 CA.**

United States District Court,
W.D. Michigan, S.D.

Oct. 22, 1984.

Robert J. Robinson, Bean, Robinson & Bean, Grand Ledge, Mich., for plaintiff.

Neil A. McLean, Glassen, Rhead, McLean & Campbell, Grand Ledge, Mich., Michael H. Feiler, Farmington Hills, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 in which American Excavators, Inc. (American), a Michigan corporation, seeks damages claiming that it was deprived of property without due process of law. Defendant Johanna Parshall is the treasurer of Oneida Township and is charged with collection of property taxes under state law. Plaintiff alleges that on February 24, 1983, defendant seized property belonging to plaintiff and others which

was valued at more than $1 million to pay allegedly delinquent personal property taxes totalling approximately $13,000. Defendant has filed a motion for summary judgment arguing that plaintiff has failed to state a cause of action under federal law since plaintiff has failed to allege that defendant's actions violated the United States Constitution. American has also filed a motion to add Robert Cole, Eaton County Treasurer, and Eaton County as parties defendant.

## DISCUSSION

The motion for summary judgment is brought pursuant to Fed.R.Civ.P. 56 which provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In order to warrant the grant of summary judgment, the moving party bears the burden of establishing the non-existence of any genuine issue of fact that is material to a judgment in his favor. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1603, 26 L.Ed.2d 142 (1970); *United States v. Articles of Device ... Diapulse*, 527 F.2d 1008, 1011 (6th Cir.1976).

In determining whether or not there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the affidavits, attached exhibits, and depositions must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962). Even if the basic facts are not disputed

summary judgment may be inappropriate when contradictory inferences may be drawn from them. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *E.E.O.C. v. United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry, Local 189*, 427 F.2d 1091, 1093 (6th Cir.1970).

Defendant claims that plaintiff has failed to allege a violation of the United States Constitution and, therefore, has failed to state a claim under § 1983. Although plaintiff's complaint does not disclose the specific portion of the constitution which was violated by defendant's conduct, plaintiff does claim that defendant violated plaintiff's "right not to be deprived of its property without due process of law as guaranteed by said Constitution ..." Complaint ¶ 13. Giving these allegations a fair reading, the Court concludes that plaintiff has attempted to allege a violation of the due process clause of the 14th Amendment.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court recognized that not every taking of property by the state without a predeprivation hearing gives rise to a cause of action under § 1983 and concluded the state tort remedies could satisfy the requirements of due process. In *Vicory v. Walton*, 721 F.2d 1062 (6th Cir.1983), the Sixth Circuit interpreted *Parratt* to require plaintiffs claiming deprivation of property without due process of law to plead and prove the absence of an adequate state law remedy in order to state a claim under § 1983.[1] The plaintiff in *Vicory* had brought a § 1983 action to recover damages for the seizure of his house trailer by local authorities investigating a murder. After reviewing the applicable state law, the Sixth Circuit concluded that the proce-

---

1. For a more recent discussion of the application of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to cases brought under 42 U.S.C. § 1983 see *Wilson v. Beebe*, 743 F.2d 342 (6th Cir.1984). In *Wilson* the Sixth Circuit reiterated its conclusion that *Parratt* re-

quires § 1983 plaintiffs claiming deprivation of property without due process of law to plead and prove the inadequacy of state damage remedies. However, the Court held that *Parratt* did not apply to those § 1983 cases in which the plaintiff alleges deprivation of life or liberty.

dures under Ohio's forcible entry and detainer statute permitted plaintiff to recover damages for the seizure of his property and, therefore, due process could be provided in a post-seizure judicial proceeding.

In Michigan, a civil action to recover possession of property seized to pay taxes or a fine pursuant to state law is specifically prohibited by M.C.L. § 600.2920 which provides in part:

Section 2920. (1) A civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention, subject to the following conditions:

(a) An action may not be maintained under this section to recover possession of or damages for goods or chattels taken by virtue of a warrant for the collection of a tax, assessment, or fine in pursuance of a statute of this state.

Nonetheless, defendant contends that state procedures permitting taxpayers to pay taxes under protest and seek a refund afforded plaintiff in this case an adequate remedy for any alleged constitutional violation. Plaintiff, however, claims that that procedure was ineffective because the constitutional violation only occurred when defendant actually seized the property.

■ "The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'" *Parratt v. Taylor, supra,* 451 U.S. at 540, 101 S.Ct. at 1915 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). The Court concludes that procedures which permit a taxpayer to challenge the amount of tax assessed after paying the taxes do not provide an adequate opportunity to challenge the seizure of property which only occurs if the taxes are not in fact paid. However, in spite of this conclusion, the Court finds that plaintiff has an adequate state law remedy against defendant.

In *Campbell v. Shearer,* 732 F.2d 531 (6th Cir.1984), plaintiff filed a § 1983 action claiming that seizure of his property by the Michigan Department of Treasury under a jeopardy tax assessment violated the due process clause of the 14th Amendment. The district court granted summary judgment to defendants based on its conclusion that they were entitled to immunity for their conduct. Although the Sixth Circuit affirmed the district court, it did so on the basis that statutory appeal procedures and a judicially created remedy were adequate to satisfy due process requirements. That decision relied in part on *Craig v. Detroit Police Department,* 397 Mich. 185, 243 N.W.2d 236 (1976), a case in which the Michigan Supreme Court held that the Michigan circuit courts could exercise equity jurisdiction to order the return of property seized to satisfy a jeopardy assessment under the Michigan Use Tax and Income Tax because the statutes did not otherwise provide for a prompt post-seizure hearing into the factual basis for the assessment. Although the *Craig* case was concerned with providing the taxpayer with a prompt post-seizure hearing in which to challenge the factual basis for the jeopardy assessment, the Court is persuaded that plaintiff in this case could have challenged defendant's seizure of its property in a similar state court proceeding. *See also Fidlin v. Collison,* 9 Mich.App. 157, 167, 156 N.W.2d 53 (1967) (holding that the seizure of personal property valued at $10,500 to pay a jeopardy assessment of $629.32 was unlawful for defendant's failure to follow the statutory procedure for collection of taxes and for excessive destraint of property).

■ Plaintiff claims that its remedy under state law is inadequate because Michigan's governmental immunity statute prevents American from bringing a tort action against defendant. The governmental immunity statute, M.C.L. § 691.1407, states:

Except as otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the

government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed.

By its terms, the statute does not confer immunity on government officials or employees. *Fisher v. Michigan Department of Mental Health,* 128 Mich.App. 72, 81, 339 N.W.2d 692 (1983). Though government officials and employees may enjoy a limited immunity under common law, they do not enjoy immunity for tortious acts committed in the performance of ministerial duties. *Antkiewicz v. Motorists Mutual Insurance Company,* 91 Mich.App. 389, 397, 283 N.W.2d 749, *lv. den. and vacated on other grounds* 407 Mich. 936, 285 N.W.2d 659 (1979); *accord Fisher v. Michigan Department of Mental Health, supra.* Under Michigan law, seizure of property to pay taxes is a ministerial duty. *See* M.C.L. § 211.47; *Raynsford v. Phelps,* 43 Mich. 342, 5 N.W. 403 (1880).

Based on the foregoing discussion, defendant's motion for summary judgment is granted and this case is dismissed. Plaintiff's motion to add parties is denied as moot.