816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katie LOFTON, individually and as next friend of Kevin
Lofton and Catina Lofton, Plaintiffs-Appellees,
v.
J.L. HUDSON COMPANY, Defendant-Appellant.
 No. 86-1538.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before ENGEL and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal was perfected by defendant-appellant, J.L. Hudson Company (Hudson), from the district court's denial of its motion for late rejection of a mediation award. We affirm the order of the district court, finding no abuse of discretion.
 
 
 2
 The plaintiffs-appellees in the instant case, Katie Lofton, individually and as next friend of Kevin and Catina Lofton, her minor children, were shopping at defendant Hudson's Department Store when Kevin, age 14, was apprehended by security guards for allegedly shoplifting a pair of sunglasses. The Loftons subsequently filed suit in Wayne County Circuit Court claiming, among other things, that Kevin was falsely arrested, and that the guards were guilty of assault and battery with unnecessary force. Kevin's mother and sister additionally claimed damages for emotional distress because they observed the events that transpired.
 
 
 3
 The case was removed to federal district court and, at that point, the trial judge referred the matter to mediation, with both parties submitting to the referral. After examining the briefs and documents admitted by both parties, and after hearing arguments of counsel, the panel unanimously awarded $12,500 in favor of the Loftons and against Hudson.
 
 
 4
 According to Rule 32(e)(5) of the United States District Court for the Eastern District of Michigan: "[w]ritten acceptance or rejection of the mediation panel's evaluation shall be given to the tribunal clerk within 28 days of the mailing of the evaluation." Failure to reject the award within the designated time period constituted an acceptance. In order to be timely, Hudson had to send a rejection to the mediation tribunal by February 21, 1986. On February 19 Hudson mailed the rejection to the wrong location. The rejection was sent to the clerk of the district court instead of to the tribunal. The time stamp showed that it was received in the clerk's office on February 21. The clerk returned the rejection to Hudson's attorney, along with a form letter indicating that it could not be filed. The rejection was then sent to the mediation tribunal and received February 27. On March 7 Hudson moved to allow late filing of the mediation rejection. Hudson claimed that the mediation was accepted inadvertently and asked the court, in its discretion, to grant the motion. Hudson also submitted that the time limit for sending a rejection according to Rule 32 of the Eastern District of Michigan had recently been changed from 40 days to 28 days. The district court found that Hudson "had not demonstrated a sufficient basis for departure from the requirements set forth in Rule 32(e)(5)" and, therefore, denied the motion to allow late filing. It is from this order that Hudson appeals.
 
 
 5
 Appellant asserts that a mediation acceptance is not "carved in stone" and a judge has the power to set it aside based on the circumstances. See MGM Brakes Div., v. Uni-Bond, Inc., 111 Mich.App. 467, 474, 315 N.W.2d 170, 173 (1981). While the trial judge has that authority, the matter remains within his discretion and may not be demanded as a right by a party.
 
 
 6
 The local federal rules provide in clear and unambiguous language that rejections are to be mailed to the tribunal within 28 days. Hudson not only failed to mail it to the correct location but, after learning of its error, waited over two weeks before moving for leave to file late. Abiding by the time guidelines set by the local court is in the best interest of finality and expeditious settlement of cases. We hold that the trial judge did not abuse his discretion in ordering that a local federal rule should be followed.
 
 
 7
 Accordingly, the order of the district court is affirmed.
 
 
 8
 GUY, Circuit Judge.
 
 
 9
 I respectfully dissent. The United States District Court for the Eastern District of Michigan has adopted a local rule which allows it to send civil diversity cases to mediation.[1] The mediation is non-binding and the actual mediating is done by the Mediation Tribunal Association, a non-profit corporation which was originally established to perform mediation services for the Circuit Court for the Third Judicial District of Michigan (Wayne County).
 
 
 10
 Pursuant to Rule 32e(5), the parties have 28 days to accept or reject the mediation panel's evaluation. Rule 32e(5) reads in its entirety:
 
 
 11
 Action on Mediation Panel's decision. Written acceptance or rejection of the Mediation Panel's evaluation shall be given to the Tribunal Clerk within 28 days of the mailing of the evaluation. There may be no disclosure of a party's acceptance or rejection of the evaluation until the expiration of 28 days following notification. At the expiration of the above period, the Tribunal Clerk shall send a notice indicating each counsel's acceptance or rejection of the evaluation.
 
 
 12
 Related to Rule 32e(5) is Rule 32j(1) which provides:
 
 Effect of Mediation
 
 13
 If the Mediation Panel's evaluation is not rejected by any of the parties within 28 days, a judgment shall be entered by the Court in the amount of the award. The judgment shall include all fees, costs and interest to the date of judgment.
 
 
 14
 On February 19, 1986, two days before the acceptance or rejection deadline, the defendant's attorney mailed in a written rejection of the mediation evaluation. Unfortunately, through a clerical error, the rejection was mailed to the Clerk of the Court for the Eastern District of Michigan rather than the Tribunal Clerk. It was received on February 21, 1986, which would have made it a timely rejection. The Clerk of the Court mailed it back with a form letter, at which time defense counsel realized for the first time that the rejection had been sent to the wrong address. Defendant immediately filed the rejection with the Tribunal Clerk, but it was now February 27, 1985, and the rejection was technically late.
 
 
 15
 After unsuccessfully attempting to secure a stipulation to allow a late filing from plaintiffs' counsel, the defendant filed a motion to allow the late filing. The motion and supporting brief set forth the circumstances of the clerical error which caused the misfiling and also argued at length that the defendant has a meritorious defense to the plaintiffs' claims.
 
 
 16
 On May 16, 1986, the trial judge, in a brief order, denied the motion.[2] Subsequently, on June 3, 1986, the district judge entered judgment in favor of the plaintiffs in the amount of $12,500.00.
 
 
 17
 On appeal, defendant argues that the trial judge abused his discretion in denying the motion for late filing. It is not disputed that this is a matter of discretion for a trial judge. MGM Brakes Division v. Uni-Bond, Inc., 417 Mich. 905, 330 N.W.2d 853 (1983). Those matters that are left to the sound discretion of the knowledgeable and hard working trial judges should not be lightly tampered with by appellate courts. Here, however, there are a number of factors which convince me that a reversal is mandated.
 
 
 18
 To begin with, the plaintiffs have never claimed or even hinted at any prejudice which they suffered as a result of what occurred. The rejection was timely filed; it was just sent to the wrong address. This mistake was purely a clerical error and cannot be attributed to personal negligence on the part of the defense counsel.
 
 
 19
 Second, this was not an old case. It was referred to mediation within a year of being removed to federal court and, as of the time it was sent to mediation, the plaintiffs were still trying to amend their complaint. Thus, there is not only a total lack of substantive prejudice, but there is also no prejudice demonstrated resulting from delay.[3]
 
 
 20
 Third, the defendant set forth before the trial judge a meritorious defense to plaintiffs' claims which adequately demonstrated its reasons for rejecting the mediation evaluation.
 
 
 21
 Finally, it would be the defendant itself who had no part in this mixup who would suffer if this judgment is allowed to stand. In my opinion, this would result in manifest injustice. It would appear that this type of error would be better redressed by the imposition of costs or sanctions rather than the entry of judgment. I would reverse and remand for further proceedings.
 
 
 
 [1]
 Rule 32(a) of the Local Rules, United States District Court for the Eastern District of Michigan, provides: "The Court may submit any civil diversity case to mediation when the relief sought is exclusively money damages."
 
 
 [2]
 The order in its entirety reads:
 This matter is before the court on defendant's motion to allow late filing of mediation rejection; and it appearing to the court that defendant has not demonstrated a sufficient basis for departure from the requirements set forth in Rule 32(e)(5) of the United States District Court for the Eastern District of Michigan;
 NOW, THEREFORE, IT IS ORDERED that defendant's motion to allow late filing of mediation rejection be and the same hereby is DENIED.
 
 
 [3]
 Since by rule there is no disclosure of the individual parties' decisions to reject or accept until after the twenty-eight days have passed, it cannot even be demonstrated that plaintiffs suffered any delay in learning of defendant's rejection